IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WELL THRIVE LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-794 (MN) |
| | ) |
| SEMILEDS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington this 22nd day of December 2020:

WHEREAS, on November 30, 2020, the Court entered a Memorandum Opinion (D.I. 84 (as amended on December 21, 2020 (D.I. 93))) and Order (D.I. 85), following trial on March 2 and 3, 2020 on the Complaint of Well Thrive Ltd. ("Well Thrive") against SemiLEDs Corporation ("SemiLEDs");

WHEREAS, on December 21, 2020, the Court entered declaratory judgment in favor of Well Thrive and against SemiLEDs on Well Thrive's First Claim for Relief (Declaratory Judgment), declaring that § 6.2.2 of the parties' Purchase Agreement dated June 28, 2016 does not allow SemiLEDs to retain the $500,000 Well Thrive paid towards the purchase of the Note (as defined in the parties' Purchase Agreement) (D.I. 94);

WHEREAS, § 2202 of the Declaratory Judgment Act provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment" (28 U.S.C.A. § 2202);

WHEREAS, the party seeking such further relief may request that the district court order further relief based on the declaratory judgment (*see Westport Ins. Corp. v. Bayer*, 284 F.3d 489, 500 (3d Cir. 2002));

WHEREAS, Well Thrive has requested that the Court order SemiLEDs to return to Well Thrive the $500,000 in its Complaint (D.I. 1 ¶¶ 15, 17 and Prayer for Relief), in its post-trial submissions (D.I. 78, 80) and after the Court issued its Memorandum Opinion and Order (D.I. 86);

WHEREAS, on December 15, 2020, Well Thrive and SemiLEDs each submitted a five-page brief setting forth arguments and record citations in support of their positions regarding Well Thrive's request (D.I. 91, 92);

WHEREAS, on December 21, 2020, after notice to the parties, the Court heard argument based on the trial record as to whether SemiLEDs should be ordered to return the $500,000 as necessary or proper relief based on the Court's grant of declaratory judgment (*see Westport*, 284 F.3d at 500 ("[T]he district court may resolve [the issue of whether further relief should be ordered] after notice and hearing either on the present record or, at its option, by hearing additional evidence."));

WHEREAS, Section 6.2.2 of the Purchase Agreement is the sole basis on which SemiLEDs relied at trial to retain Well Thrive's $500,000; and

WHEREAS, SemiLEDs assertions that the record should be reopened and that recent factual developments – *i.e.*, its purported delivery of a signed note and executed officer's certificate to its attorneys in December of 2020 (after the Court noticed this hearing) – do not change the analysis because, *inter alia*, SemiLEDs did not deliver the Note prior to the Note Closing Date (*i.e.*, on or before September 29, 2016).

THEREFORE, IT IS HEREBY ORDERED that

1) SemiLEDs shall return the $500,000 to Plaintiff Well Thrive as necessary and proper relief based on the Court's grant of declaratory judgment in favor of Well Thrive and against SemiLEDs; and

2) On or before January 6, 2021, the parties shall each submit a brief of no more than five pages on the issue of pre- and post-judgment interest, including the calculation of the amount of pre-judgment interest.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge