IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WELL THRIVE LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-794 (MN) |
| | ) |
| SEMILEDS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM ORDER

At Wilmington this 8th day of April 2021:

Presently before the Court is the request of Plaintiff Well Thrive Ltd. ("Plaintiff" or "Well Thrive") for an award of pre- and post-judgment interest. (D.I. 96). For the reasons set forth below, Plaintiff's request is GRANTED with MODIFICATION.

1. This case involves a dispute between Well Thrive and Defendant SemiLEDs Corporation ("Defendant" or "SemiLEDs") over a $500,000 deposit paid in connection with a securities purchase agreement ("the Purchase Agreement"). The Court held a two-day bench trial in March of 2020. On December 21, 2020, the Court entered judgment in favor of Well Thrive and against SemiLEDs, declaring that § 6.2.2 of the Purchase Agreement dated June 28, 2016 does not allow SemiLEDs to retain the $500,000 that Well Thrive paid towards the purchase of a convertible note (defined in the Purchase Agreement). (D.I. 94).

2. The next day, the Court entered an order directing SemiLEDs to return the $500,000 to Well Thrive as necessary and proper relief based on the Court's grant of declaratory judgment in favor of Well Thrive. (D.I. 95). The Court also directed the parties to submit papers on the issue of pre- and post-judgment interest, including the calculation of the amount of pre-judgment interest. (*Id.*). The parties filed those papers on January 6, 2021. (*See* D.I. 96 & 97).

3. Well Thrive requests simple pre-judgment interest at the Delaware statutory rate from January 6, 2017 (the date on which Well Thrive demanded return of its money) through the entry of judgment on December 21, 2020. (D.I. 96 at 3). In total, Well Thrive requests $135,773.97 in prejudgment interest. (*Id.* at 4; *see also* D.I. 96-1, Ex. A).[1] Well Thrive also requests post-judgment interest "using the same legal rate, running from December 21, 2020 until SemiLEDs fully complies with the Court's Memorandum Order." (D.I. 96 at 3).

4. In its opposition, SemiLEDs argues that neither pre-judgment nor post-judgment interest is available because neither the underlying judgment nor the subsequent order to return the deposit is an award of money damages. (D.I. 97 at 1, 5). SemiLEDs also argues that the return of the deposit was not "due" until the entry of judgment; thus, no pre-judgment interest should be awarded. (D.I. 97 at 3). Finally, SemiLEDs argues that if the Court were to award post-judgment interest, it should be calculated pursuant to 28 U.S.C. § 1961(a) and, further, that the proper rate for this case is 0.09%. (D.I. 97 at 5).

5. Turning first to pre-judgment interest, the parties and the Court agree that this issue is governed by Delaware law. *See Jarvis v. Johnson*, 668 F.2d 740, 746 (3d Cir. 1982) (holding that that federal courts in diversity cases are to apply state law with respect to pre-judgment interest). In Delaware, pre-judgment interest is awarded as a matter of right. *See Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, 34 A.3d 482, 486 (Del. 2011); *see also Moskowitz v. Wilmington*, 391 A.2d 209, 210 (Del. 1978). Under Delaware law, "[w]here there is no expressed

---

[1] In its submission, it was unclear whether Well Thrive was seeking simple or compounded interest. At the outset, Well Thrive requested that the interest be compounded at an unspecified interval but later, in a footnote, Well Thrive stated that it only seeks simple interest. (*Compare* D.I. 96 at 1, *with id.* at 4 n.10). In addition, the calculation that Well Thrive provided is based on simple interest applied annually to $500,000. (*Id.* at 4; *see also* D.I. 96-1, Ex. A). The Court therefore understands Well Thrive's pre-judgment interest request to be limited to an award of simple interest.

contract rate, the legal rate of interest shall be 5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due." 6 DEL. C. ANN. § 2301(a). Here, the Purchase Agreement is silent as to the interest rate to be applied, and the parties agree that the Delaware legal rate is the proper starting point of the analysis should pre-judgment interest be awarded. The dispute between the parties is two-fold: (1) whether the return of the deposit is money damages and qualifies for an award of pre-judgment interest and (2) if pre-judgment interest is awarded, when does that interest begin to accrue?

6. In support of its argument that the return of the deposit is not "money damages," SemiLEDs cites only one case – from a state court in Florida. (D.I. 97 at 2-3 (citing *Sack v. Bamberg*, 81 So. 3d 610, 611 (Fla. Dist. Ct. App. 2012)). That case simply stands for the unremarkable proposition that "a suit for declaratory relief ***may award only rights, for which no prejudgment interest is available.***" *Id.* (emphasis added). It does not suggest that pre-judgment interest is inapplicable in all cases seeking declaratory relief. Indeed, the Third Circuit has upheld an award of pre-judgment interest in a declaratory judgment action. *See Northland Ins. Co. v. Lincoln Gen. Ins. Co.*, 153 F. App'x 93, 97 (3d Cir. 2005). Moreover, the Court finds that awarding pre-judgment interest here comports with the purposes behind its award: "first, it compensates the plaintiff for the loss of the use of his or her money; and, second, it forces the defendant to relinquish any benefit that it has received by retaining the plaintiff's money in the interim." *Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, 34 A.3d 482, 486 (Del. 2011). Here, SemiLEDs improperly retained the $500,000 deposit. Pre-judgment interest is appropriate to compensate Well Thrive for its loss of the use of that money and to force SemiLEDs to relinquish any benefit it obtained from keeping the money.

7. As for the starting date, an award of pre-judgment interest generally runs from the date when money should have been paid, or was demanded. *Metropolitan Mut. Fire Ins. Co. v. Carmen Holding Co.*, 220 A.2d 778, 782 (Del. 1966); *Grand Ventures v. Whaley*, 622 A.2d 655, 666 (Del. Super. 1993), *aff'd*, 632 A.2d 63 (Del. 1993); *Stonewall Ins. Co. v. E.I. du Pont de Nemours & Co.*, 996 A.2d 1254, 1262 (Del. 2010) (in an insurance claim, "interest accumulates from the date a party actually demands payment"). This case is no exception. Here, Well Thrive demanded the return of it $500,000 deposit on January 6, 2017. SemiLEDs was not entitled to keep the money but did so. And pre-judgment interest thus begins on the date of Well Thrive's demand.

8. Finally, Well Thrive's calculation of pre-judgment interest varies the interest rate each year. The Court declines to use a variable rate, finding that the language of the statute suggests that the rate should be fixed based on when liability for interest begins to run: "the legal rate of interest shall be 5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due." 6 DEL. C. ANN. § 2301(a). Indeed, a number of Delaware courts have found that the interest rate under § 2301 is fixed. *See, e.g.*, *TranSched Sys. Ltd. v. Versyss Transit Sols., LLC*, No. 07C-08-286WCC, 2012 WL 1415466, at *6 (Del. Super. Ct. Mar. 29, 2012) ("This interest rate remains fixed."); *Rollins Envtl. Servs., Inc. v. WSMW Indus., Inc.*, 426 A.2d 1363, 1367 (Del. Super. Ct. 1980). Thus, the Court will use a fixed rate for pre-judgment interest and, because the Delaware legal rate as of January 6, 2017 was 6.25% (1.25% plus 5%), pre-judgment interest will be awarded at 6.25%. By the Court's calculation, this results in a pre-judgment interest award of $123,640.14.[2]

---

[2] The calculation is based on summing the simple interest amounts earned each year from 2017 to 2020. The amount of interest for 2017 was prorated to include only

4

9. Finally, post-judgment interest is mandatory for damages awarded in civil cases in federal district court. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."). Well Thrive seeks post-judgment interest at the Delaware rate. This case, however, is in federal court based on diversity jurisdiction and the money ordered returned is money recovered in district court. Guided by various Circuit Courts of Appeals that have addressed the issue, the Court believes that post-judgment interest in this case is governed by § 1961. *See, e.g.*, *Cappiello v. ICD Publications, Inc.*, 720 F.3d 109, 112 (2d Cir. 2013) ("[U]nder § 1961, federal district courts must apply the federal rate of post-judgment interest to judgments rendered in diversity actions."), *cert. denied*, 571 U.S. 1071 (2013); *Mobil Expl. & Producing N. Am., Inc. v. Graham Royalty Ltd.*, 910 F.2d 504, 509 (8th Cir. 1990) ("This court has found that actions based on diversity of citizenship are not exempted from [28 U.S.C. § 1961]. Therefore, 28 U.S.C. § 1961 must be applied to calculate the rate of post-judgment interest in this case." (citation omitted)); *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988) (noting that it is settled that, in diversity cases, the issue of post-judgment interest is governed by federal law). Consistent with § 1961(a), the rate of post-judgment interest is the weekly average one-year constant maturity Treasury yield for the week preceding entry of judgment (*i.e.*, 0.09%).[3] Post-judgment interest will be compounded annually. 28 U.S.C. § 1961(b). And because pre-judgment interest is part of Well Thrive's complete compensation, post-judgment interest shall be awarded for the entire amount included in the judgment, including the pre-judgment interest. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989)

---

    January 6, 2017 through the end of the year. The amount of interest for 2020 was also prorated to include only January 1, 2020 through December 20, 2020.

[3]     Rate obtained from https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15.

(explaining that plaintiff's complete compensation includes prejudgment interest); *see also Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 217 (3d Cir. 2004).

10.   For the reasons set forth above, IT IS HEREBY ORDERED that the judgment shall be amended[4] to include pre-judgment interest in the amount of $123,630.14, which is based on a Delaware legal interest rate of 6.25% awarded as simple interest, and to include post-judgment interest at the rate of 0.09% to compound annually from the date the amended judgment is entered and until the judgment is paid.

The Honorable Maryellen Noreika<br>
United States District Judge

---

[4]   Regardless of how it is styled, a request for pre- or post-judgment interest is a motion to alter or amend the judgment under Rule 59(e). *See Osterneck*, 489 U.S. at 175 & 176 n.3 (1989).